UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MAXUM INDEMNITY COMPANY,

                Plaintiff,

- against –

OXFORD INTERIOR CORP.,
CONGREGATION YETEV LEV D'SATMAR,
INC., YESHIVA YETEV LEV D'SATMAR OF
JERUSALEM, KHAL YETEV LEV
D'SATMAR, INC., SATMAR MATZOH
BAKERY, SATMAR CENTRAL MATZOH
BAKERY, INC. d/b/a/ SATMAR MATZOH
BAKERY, T&S HOME IMPROVEMENT INC.,
KINGS STAR CONSTRUCTION CO. INC and
JORGE ZURITA,

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

18-cv-00948 (AMD) (SMG)

**ANN M. DONNELLY**, United States District Judge:

On February 13, 2018, Maxum Indemnity Company filed a complaint seeking a declaration that it has no obligation to indemnify any of the defendants, who are parties in a personal injury lawsuit pending in state court. (ECF No. 1.) On July 16, 2018, the Bakery Defendants[1] answered the complaint and asserted counterclaims against Maxum, including for a declaratory judgment that Maxum must indemnify them in the underlying lawsuit. (ECF Nos. 29-31.) On April 3, 2019, Maxum moved for summary judgment against the appearing defendants (ECF No. 51), and for default judgment against the non-appearing defendants (ECF No. 50). On May 8, 2019, the Bakery Defendants cross-moved for summary judgment. (ECF

---

[1] The Bakery Defendants are Congregation Yetev Lev D'Satmar, Inc., Satmar Matzoh Bakery, and Satmar Central Matzoh Bakery, Inc. d/b/a Samar Matzoh Bakery. Only the Bakery Defendants and Jorge Zurita have appeared in this action.

No. 52.) For the reasons that follow, I grant Maxum's motions for summary judgment against the appearing defendants and for a default judgment against the non-appearing defendants, and deny the Bakery Defendants' cross-motion for summary judgment.

## BACKGROUND

The parties stipulated to the following facts. (ECF No. 53-1.) Maxum issued a commercial general liability policy to Oxford Interior Corp. for the period of September 12, 2016 to September 12, 2017. (*Id.* ¶ 1.) The policy includes a provision entitled "Exclusion – Contracted Persons" which provides as follows:

EXCLUSION – CONTRACTED PERSONS

This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury" or "medical payments" to:

1. Any contractor, subcontractor or independent contractor contracted with you, any insured, or others on yours or any insured's behalf.
2. Any person employed by, leased to or contracted with any contractor, subcontractor or independent contractor contracted with you, any insured, or others on yours or any insured's behalf.
3. The spouse, child, parent, brother or sister of any of the above persons.

This exclusion applies regardless of whether:

1. The subject contract is oral or written;
2. You or any insured is acting in the capacity of a contractor, subcontractor or independent contractor; or
3. The services are being performed by or for the contracted contractor, subcontractor or independent contractor.

(*Id.* ¶ 2.)

On January 18, 2017, Jorge Zurita filed a complaint in the New York Supreme Court, Kings County, against all of the defendants in this action, alleging that he fell from a scaffold while working at a construction site and that the defendants were negligent. (*Id.* ¶¶ 3-4.) At the

time of the accident, Zurita was an employee of Jara Services, which, in turn, was Oxford Interior's subcontractor. (*Id.* ¶¶ 7-8.)

At some point after the complaint was filed but before February 22, 2017, Maxum received a copy of the summons and complaint from the state court action. (*Id.* ¶ 9.) On February 22, 2017, Maxum issued a disclaimer of coverage letter to Oxford Interior, but agreed to provide counsel to Oxford Interior, as a courtesy, subject to the denial of coverage. (*Id.* ¶ 10.) That same day, Maxum sent a disclaimer letter to Jorge Zurita, copying the other co-defendants in the state court action, including the Bakery Defendants, to advise them "of the denial of coverage for the Underlying Action based on the 'Contracted Persons' exclusion." (ECF No. 53-1 at 10-13.)

On August 3, 2017, counsel for the Bakery Defendants "tendered" the underlying action to Oxford Interior and Maxum, requesting coverage as an "additional insured," contractual defense and indemnification. (*Id.* ¶ 11.) In a February 2, 2018 letter to the Bakery Defendants, Maxum reaffirmed the denial of coverage to Oxford and all the other co-defendants, including the Bakery Defendants, and asserted that it would not appoint counsel to defend the Bakery Defendants, contribute to their defense costs, or pay any judgment, verdict or settlement on their behalf. (ECF No. 53-1 at 26-34.)

## DISCUSSION

Summary judgment is appropriate only if the parties' submissions show that there is "no genuine dispute as to any material fact," and that the movant is therefore "entitled to judgment as matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The movant has the "burden of showing the absence of any genuine dispute as to a material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). "Once the moving

3

party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "The non-moving party 'may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that [its] version of the events is not wholly fanciful.'" *Id.* (quoting *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998)). The court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010).

The parties agree that there are no disputes of material fact, and that I can rule on the applicability of the insurance policy as a matter of law. (ECF No. 54 at 2.) Maxum argues that the exclusion provision in the insurance contract bars coverage to all of the defendants, including the Bakery Defendants, and that its letter disclaiming coverage was timely under state law. The Bakery Defendants do not deny the substance of the exclusion provision; they argue simply that Maxum's disclaimer letter was untimely. Accordingly, I address only whether Maxum's disclaimer letter complied with the New York Insurance Law's notice provision for liability insurance.[2]

Under New York's Insurance Law, an insurer denying coverage must affirmatively "disclaim liability or deny coverage for death or bodily injury arising out of . . . any . . . accident occurring within [New York.]" N.Y. Ins. Law. § 3420(d)(2) (McKinney 2020). The insurer must do so by providing "written notice as soon as is reasonably possible of such disclaimer of

---

[2] Because a party "concedes through silence" arguments made by its opponent that it fails to address, I assume that the exclusion applies to the Bakery Defendants. *In re UBS AG Secs. Litig.*, No. 07-CV-11225, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014).

4

liability or denial of coverage to the insured and the injured person or any other claimant." *Id.* If an insurance carrier does not disclaim coverage in a timely fashion, it is precluded from arguing in court that a claim is excluded from coverage. *NGM Ins. Co v. Blakely Pumping, Inc.*, 593 F.3d 150, 153 (2d Cir. 2010) (citing *Hartford Ins. Co. v. Cnty. of Nassau*, 46 N.Y.2d 1028, 1029 (1979)).

The disclaimer obligation arises when "the insurer has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage." *Country-Wide v. Preferred Trucking Servs. Corp.*, 22 N.Y.3d 571 (2014) (citation omitted). Although the insurer must provide notice "as soon as is reasonably possible," any "delay occasioned by a 'reasonably prompt, thorough, and diligent investigation of the claim' does not render the insurer's disclaimer untimely, because an investigation is often necessary to determine whether there is any basis for disclaiming coverage." *Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.*, 368 F.3d 209, 216-17 (2d Cir. 2014) (quoting *In re Prudential Prop. & Cas. Ins. Co.*, 623 N.Y.S.2d 336, 336 (2d Dep't 1995)). New York courts have found that a one-month delay is reasonable. *See Mu Yan Lin v. Burlington Ins. Co.*, No. 11-CV-33, 2012 WL 967633, at *9 (S.D.N.Y. Mar. 21, 2012) (collecting New York cases).

Maxum issued its first disclaimer of coverage letter on February 22, 2017, thirty-five days after Zurita filed his complaint in state court. Because Maxum had to peel back multiple layers of subcontracting agreements to determine whether there was any potential liability—confirming that Zurita was an employee of Jura, that Jura was a subcontractor of Oxford, and that Maxum had an insurance agreement with Oxford—this period of delay was entirely reasonable. *See generally Mount Vernon Fire Ins. Co. v. Harris*, 193 F. Supp. 2d 674, 677 (E.D.N.Y. 2002) (" . . . New York courts have also consistently recognized that a prompt, good

5

faith investigation of the claim by the insurer may justify a delay that would normally be deemed unreasonable absent explanation.") (collecting New York cases).

Furthermore, the content of Maxum's letter to the defendants was clear and unambiguous. It quotes the relevant exclusionary language, explains how it applies, and denies coverage to "any other person or entity who could qualify as an insured or additional insured." (ECF No. 53-1 at 10-13.) That is sufficient under New York law. *See Atl. Cas. Ins. Co. v. Coffey*, 548 F. App'x 661, 664 (2d Cir. 2013) (" . . . New York courts have held that the disclaimer remains valid as long as it 'identified the applicable policy exclusion and set forth the factual basis for the insurer's position that the claim fell within a policy exclusion with sufficient specificity to satisfy the statutory mandate and purpose.'") (citing New York cases) (summary order).

The Bakery Defendants do not deny that they received Maxum's letter. Rather, describing themselves as mere "carbon copy recipients" of the letter who had not yet requested coverage, the defendants say that the letter does not satisfy the notice provision. (ECF No. 54 at 3-5.) I disagree.

First, Maxum's letter informed the defendants that Maxum was denying coverage to them and the other co-defendants in the state court based on the "Contracted Persons" exclusion. (ECF No. 53-1 at 11) ("By copy of this letter, Maxum advises all co-defendants of the denial of coverage for the Underlying Action based on the 'Contracted Persons' exclusion."). The fact that the letter was addressed to other recipients is irrelevant, because the Bakery Defendants were clearly on notice that Maxum was denying coverage. *See Centereach Realty, LLC v. Essex Ins. Co.*, 759 N.Y.S. 2d 664, 664 (1st Dep't 2003) (receiving "a copy of the disclaimer letter, which contained language specifically indicating that it would not be provided coverage," is

sufficient notice for an additional insured).

Nor is there a requirement that a disclaimer of coverage be preceded by a tender for the disclaimer to be valid. *See Century Sur. Co. v. EM Windsor Constr. Inc.*, No. 16-CV-4196, 2017 WL 5952706, at *10-11 (S.D.N.Y. Nov. 29, 2017) (a disclaimer of coverage prior to a formal tender does not render an otherwise valid disclaimer untimely). To hold otherwise, as the Bakery Defendants urge, would encourage gamesmanship in the notice process and defeat the purpose of Section 3420(d), which is "to protect the insured, the injured person, and any other interested party who has a real stake in the outcome, from being prejudiced by a belated denial of coverage. It was not intended to be a technical trap that would allow interested parties to obtain more than the coverage contracted for under the policy." *Excelsior Ins. Co. v. Antretter Contr. Corp.*, 693 N.Y.S.2d 100, 127 (1st Dep't 1999) (citations omitted).

Accordingly, Maxum's disclaimer letter complied with the New York Insurance Law as a matter of law.

## DEFAULT JUDGMENT

Rule 55 sets out the two-step process for entry of a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to move to set aside the default under Rule 55(c), the Court may enter a default judgment on the plaintiff's motion. Fed. R. Civ. P. 55(b)(2). Default judgments are "generally disfavored" because of the Second Circuit's "oft-stated preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993) (citations omitted). Thus, "just because a party is in default, the plaintiff is not entitled to a

7

default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010) (citation omitted).

In deciding whether to issue a default judgment, "the Court has the responsibility to ensure that the factual allegations [in the plaintiff's pleadings], accepted as true, provide a proper basis for liability and relief." *J & J Sports Prod., Inc. v. McAdam*, No. 14-CV-5461, 2015 WL 8483362, at *2 (E.D.N.Y. Dec. 9, 2015) (quotations and citations omitted); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997) ("[A] default judgment deems all the well-pleaded allegations in the pleadings to be admitted.") (citations omitted). Put another way, the court considers whether the uncontested facts "constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *J & J Sports Prod., Inc.*, 2015 WL 8483362, at *2 (citing *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010)).

The Clerk of Court has noted the default of the non-appearing defendants. (ECF Nos. 37-41.) Furthermore, the undisputed facts entitle Maxum to relief against the non-appearing defendants. First, the plaintiff in the underlying state court proceeding, Zurita, was Jara's employee at the time of the alleged accident and Jara was an independent contractor of Maxum's named insured, Oxford Interior. Accordingly, the plain language of the exclusion provision applies to bar coverage to the non-appearing defendants. Second, the non-appearing defendants received Maxum's disclaimer letter on February 22, 2017, only thirty-five days after Zurita filed his complaint in state court. For the reasons discussed above, Maxum's disclaimer letter complied with the New York Insurance Law's notice provision.

Accordingly, I enter default judgment as to the non-appearing defendants.

## CONCLUSION

For the reasons discussed above, I grant Maxum's motions for summary judgment against the appearing defendants and for a default judgment against the non-appearing defendants, and deny the Bakery Defendants' cross-motion for summary judgment.

I enter the following declaratory judgment:

1. The plaintiff has no obligation to defend or indemnify any of the appearing or non-appearing defendants in connection with the action captioned *Jorge Zurita v. Congregation Yetev Lev'Dsatmar, et al.*, in the Supreme Court of the State of New York, County of Kings (Index No. 501052/17).

2. The plaintiff has no obligation to make payment of any settlement or judgment obtained against the appearing or non-appearing defendants in connection with the action captioned *Jorge Zurita v. Congregation Yetev Lev'Dsatmar, et al.*, in the Supreme Court of the State of New York, County of Kings (Index No. 501052/17).

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

        s/Ann M. Donnelly
        The Honorable Ann M. Donnelly
        United States District Judge

Dated: Brooklyn, New York
      March 9, 2020